IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHANIE L. MASON, § | |
|    PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:20-CV-2061-N-BK |
| § | |
| THE CITY OF MANSFIELD POLICE § | |
| DEPARTMENT, § | |
|    DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Defendant's *Motion to Dismiss Plaintiff's Amended Complaint*, Doc. 32, is before the Court for the issuance of findings and a recommended disposition. For the reasons stated here, the motion should be **GRANTED**.

**I. BACKGROUND**

Plaintiff, who was then proceeding *pro se*, filed this action under 42 U.S.C. § 1983, alleging that City of Mansfield (the "City") police officers violated her Fourth and Fourteenth Amendment constitutional rights by engaging in a campaign of harassment against her and her friends and family members. Doc. 3 *passim*. Plaintiff asserts, for example, that City police officers (1) stopped her vehicle on numerous occasions between May 2017 and August 2020, detaining her for a variety of traffic infractions; (2) searched her car without probable cause; (3) followed her around the City and to her home; and (4) parked in front of or close to her house on numerous occasions. Doc. 3 at 3-12. Plaintiff details similar encounters involving various friends and family members who were detained and/or arrested for offenses such as jaywalking, driving Plaintiff's car with a suspended license, and drug possession. Doc. 3 at 3-12. While still

proceeding *pro se*, Plaintiff amended her complaint raising the same types of claims. Doc. 28. Defendant now moves to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 32.

## II. APPLICABLE LAW

### A. Rule 12(b)(6)

A plaintiff fails to state a claim under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

### B. 42 U.S.C. § 1983

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (quoting *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)). To state a claim under section 1983, a plaintiff must allege facts that show she has been deprived of a right secured by the Constitution and the laws of the United States, and the defendants were acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

### C. Municipal Liability

A city does not automatically incur section 1983 liability for injuries caused solely by its employees, and it cannot be held liable on a *respondeat superior* theory. *Monell v. Dep't of Soc.*

*Servs. of City of N.Y.*, 436 U.S. 658, 691, 694 (1978); *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 308 (5th Cir. 2004). Rather, to establish municipal liability under section 1983 requires the plaintiff to plead three elements: (1) a policymaker; (2) an official policy or custom; and (3) that the policy or custom was the moving force behind the violation of a constitutional right. *Monell*, 436 U.S. at 694. The third *Monell* prong encompasses both "the causal link ('moving force') and the city's degree of culpability ('deliberate indifference' to federally protected rights)." *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998).

### III. PARTIES' ARGUMENTS

Defendant asserts a variety of defenses to Plaintiff's amended complaint: (1) acts that predate August 4, 2018 are barred by the applicable two-year statute of limitations, Doc. 32 at 8-12, 18-19; (2) to the extent Plaintiff purports to seek relief on others' behalf, she lacks standing, Doc. 32 at 19-20; (3) Plaintiff's timely allegations should be dismissed because her complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, Doc. 32 at 15-16, 18; (4) Plaintiff's complaint fails to state a Fourth Amendment claim because she has not pled sufficient facts to establish either a constitutional violation by the City or a City policy, custom, or practice that was the moving force of a constitutional violation, Doc. 32 at 20-26; and (5) Defendant is absolutely immune from an award of punitive damages, Doc. 32 at 25-26. Defendant seeks dismissal of Plaintiff's complaint with prejudice. Doc. 32 at 26.

Plaintiff, now represented by counsel,[1] counters that: (1) her complaint should not be dismissed as violative of Rule 8(a) because she clearly is raising a section 1983 claim, Doc. 34 at

---

[1] Plaintiff's counsel entered his appearance in this case on March 2, 2022. Doc. 33.

11-12; (2) she alleges facts sufficient to raise plausible Fourth Amendment violations and Defendant's municipal liability under *Monell*, Doc. 34 at 13; and (3) the statute of limitations does not bar any of her claims because they did not accrue until she had sufficient information to know she was injured by the pattern of police misconduct, Doc. 34 at 15-16. Plaintiff requests leave of Court to amend her complaint to clarify her allegations and theory of section 1983 municipal liability, Doc. 34 at 16.

## IV. ANALYSIS [2]

As an initial matter, the Court disagrees with the City's argument that Plaintiff's complaint does not satisfy Rule 8(a). Under Rule 8(a), a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.* Plaintiff's amended complaint plainly indicates that she is attempting to raise a claim under section 1983 against the City for violation of her Fourth Amendment rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that the courts should liberally construe *pro se* pleadings).

Nevertheless, Plaintiff's current complaint does not adequately state a municipal liability claim under *Monell*. First, Plaintiff does not point to a policymaker. Nor does she adequately

---

[2] To the extent Plaintiff has named the City of Mansfield Police Department as the defendant, the department is not a jural entity capable of being sued. *Meyer v. Coffey*, 231 F. Supp. 3d 137, 145 (N.D. Tex. 2017) (citing *Darby v. Pasadena Police Department*, 939 F.2d 311 at 313 (5th Cir. 1991)). As such, the City is the proper defendant.

allege that the City has an official policy or custom of violating its citizens' Fourth Amendment right to be free from unlawful search and seizure. Finally, Plaintiff has not alleged that any such policy or custom was the moving force behind the alleged violation of her constitutional rights. *Monell*, 436 U.S. at 694; *see also Snyder*, 142 F.3d at 796 (holding that the third *Monell* prong encompasses both a causal link and the city's requisite degree of culpability).

### V. LEAVE TO AMEND

All of that said, the Court declines to conclude at this juncture that Plaintiff cannot feasibly state a section 1983 claim against the City on the facts presented in her own inartful pleading. While Defendant requests that the Court dismiss at least some of Plaintiff's claims with prejudice, the undersigned finds that is not the best course of action. Rule 15(a) of the Federal Rules of Civil Procedure requires that a trial court grant a party leave to amend a complaint freely, and the language of the rule "evinces a bias in favor of granting leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted). While leave to amend is not automatic, the court must have a "substantial reason" to deny a party's request to do so. *Id.* Here, the Court finds that justice will be best served by allowing Plaintiff to replead her case in its entirety. The Court trusts that Plaintiff's newly retained counsel will exercise his best judgment in determining what facts matter and what causes of action to assert within the bounds of the law. *See generally Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (holding that denial of a motion for leave to file an amended complaint is appropriate when the proposed amendment would be futile).

### VI. CONCLUSION

For the reasons above, Defendant's *Motion to Dismiss Plaintiff's Amended Complaint*, Doc. 32, should be **GRANTED,** and Plaintiff's claims should be **DISMISSED WITHOUT**

**PREJUDICE**.  However, Plaintiff is granted leave to file an amended complaint **on or before August 12, 2022.**  If such complaint does not cure the defects noted herein, Defendant may re-urge the Court to dismiss with prejudice within 30 days of the amended complaint's filing.

**SO RECOMMENDED** on July 29, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).